NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| KERRI SMITH, | : | |
| | : | Civil Action No. 22-4853 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

APPEARANCES:

Kerri Smith
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501
    Pro Se Petitioner

Garrett James Schuman, Assistant United States Attorney
Nicholas Paul Grippo, Assistant United States Attorney
United States Attorney's Office
970 Broad Street
Newark, NJ 07102
    On behalf of Respondent

**WIGENTON**, District Judge

    Presently before the Court is Petitioner Kerri Smith's ("Smith") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, challenging his criminal conviction and sentence in Criminal Action No. 20-772.[1]  (Civ. ECF No. 4).  Smith alleges his counsel provided ineffective

---

[1] Docket Entries in Criminal Action No. 20-772 (SDW) are cited herein as ("Crim. ECF No."), and docket entries in this Civil Action, No. 22-4853 (SDW), are cited herein as ("Civ. ECF No.")

1

assistance at the plea and sentencing stages of representation. Respondent ("the Government") filed an answer to the § 2255 motion, opposing relief. (Civ. ECF No. 8). Smith did not file a reply brief.[2] For the reasons set forth below, this Court will deny the § 2255 motion on the briefs pursuant to Federal Rule of Civil Procedure 78(b).

I.    BACKGROUND

A.    The Indictment

On September 11, 2020, a grand jury in the U.S. District Court, District of New Jersey charged Smith as follows:

> On or about December 3, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendant, KERRI SMITH, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(Crim. ECF No. 12).

B.    The Plea Agreement and Plea Hearing

Smith entered into a plea agreement with the Government, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties "agree[d] that a sentence within the range of 7 to 8 years' imprisonment, followed by a 3-year term of supervised release[,] is the

---

[2] On September 28, 2022, this Court attempted to serve on Petitioner a copy of this Court's order (Civ. ECF No. 5) directing Respondent to file an answer to the § 2255 motion. The order was returned to the Court because the address did not have Petitioner's correct SBI number, as required for mail to an inmate in a Bureau of Prison's correctional facility. (Civ. ECF Nos. 6, 7). Respondent filed an answer to the § 2255 motion on October 12, 2022, along with a certificate of service indicating Respondent had served a copy of the answer on Petitioner by certified mail, with the correct SBI number, which has been confirmed by the Inmate Locator on the Bureau of Prison's website, www.bop.gov/inmateloc (Civ. ECF No. 8 at 11). On October 14, 2022, a copy of this Court's order to answer (Civ. ECF No. 5) was resent to Petitioner with the correct SBI number. The order advised Petitioner that he had 30 days from the date Respondent's answer was filed to file a reply brief. (Civ. ECF No. 5 at 2). Petitioner did not do so.

appropriate disposition of the case." (Crim. ECF No. 18 at 2). Smith electronically signed the plea agreement on March 4, 2021. (*Id.* at 7). As part of the plea agreement, Smith stipulated that: (1) "[t]he offense set forth in the Indictment involved 2.9 grams of a mixture and substance containing a detectable amount of cocaine[;]" and (2) "[o]n or about December 3, 2019, Smith did knowingly possess 98 individual vials, each containing a detectable quantity of cocaine, that Smith did intend to distribute." (*Id.* at 8). Smith agreed that if the Court accepted the terms of the plea agreement, the Court would be "bound to sentence Smith within the range of 7 to 8 years' imprisonment, followed by a 3-year term of supervised release." (*Id.* at 2-3).

  Smith's plea hearing was held on April 26, 2021. (Civ. ECF No. 8-1). In a colloquy with this Court, he acknowledged that he had a sufficient opportunity to discuss his plea agreement with his counsel, and that counsel answered all of his questions. (Civ. ECF No. 8-1 at 9). Smith's counsel had explained the "Application for Permission to Enter a Plea of Guilty" form to him, and Smith gave his counsel permission to sign the application on his behalf. (*Id.*) Smith affirmed that he entered his guilty plea without any promises or threats. (*Id.* at 10). Smith understood that he was waiving his right to a jury trial. (*Id.*) He further acknowledged that, before authorizing his counsel to sign the plea agreement on his behalf on March 4, 2021, counsel went over the plea agreement with him and answered all of his questions. (*Id.* at 11). Smith understood that he had agreed to be bound by the Court's sentence to a term of imprisonment within the range of 7 to 8 years, followed by a 3-year term of supervised release. (*Id.* at 12). Smith also accepted that he could not appeal his sentence, if he was sentenced within the agreed upon range. (*Id.* at 13).

  Smith then set forth the factual basis for his plea. He admitted to the offense set forth in the Indictment, which involved 2.9 grams of a mixture and substance containing a detectable

amount of cocaine. (Civ. ECF No. 8-1 at 13.) He agreed that he was in Jersey City, New Jersey on December 3, 2019, and was arrested by law enforcement officers on several outstanding arrest warrants that were issued in Jersey City and Hudson County. (*Id.* at 15). As a result of that arrest, Smith admitted that he was searched, and 98 glass vials were found in his right front pants pocket. (*Id.*) Smith knew the vials contained a quantity of cocaine, and he agreed that he knowingly possessed the cocaine with the intention to distribute it to others. (*Id.* at 15-16). Therefore, he agreed that he was pleading guilty because he was, in fact, guilty. (*Id.* at 16). The Government represented that it "would be prepared to prove beyond a reasonable doubt at trial all of the facts that Mr. Smith has just affirmed and all the essential elements of the offense charged in the indictment." (*Id.*) The Court conditionally accepted the guilty plea pursuant to Rule 11(c)(1)(C), dependent on review of the presentence report and determination that the negotiated sentence was appropriate. (*Id.* at 17).

**C.** **The PSR**

The U.S. Probation Department ("Probation") prepared Smith's presentence report ("PSR") using the 2018 United States Sentencing Commission Guidelines Manual. (PSR ¶ 19). U.S.S.G. §2D1.1 is the relevant guideline for a violation of 21 U.S.C. § 841(b)(1)(C), which provides for a base offense level of 12, where the offense involves less than 50 grams of cocaine. (*Id.* ¶ 20, citing §2D1.1(a)(14)). Smith was a career offender pursuant to U.S.S.G. §4B1.1 because he

> was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(PSR ¶ 24).  Where the statutory maximum term of imprisonment is 20 years or more, but less than 25 years, the offense level for a career offender is 32.  (PSR ¶ 26, citing U.S.S.G. §4B1.1(b)(3)).  The PSR includes a three-level decrease for Smith's acceptance of responsibility, resulting in a total offense level of 29.  (*Id.* ¶ 29).

The PSR also contains a calculation of Smith's criminal history points.  As a career offender, Smith was automatically in criminal history category VI, pursuant to U.S.S.G. §4B1.1(b), regardless of his criminal history score.  (*Id.* ¶ 48).  Nonetheless, pursuant to U.S.S.G. §4A1.1 and §4A1.2, Probation also assigned point values to Smith's nine adult convictions, resulting in a criminal history score of 17.  (PSR ¶ 45).  Pursuant to U.S.S.G. §4A1.1(d), an additional two points were added because Smith committed the offense of conviction while on state probation, resulting in a total criminal history score of 19, and a criminal history category VI.  (*Id.* ¶ 46). Thus, with a total offense level of 29, and a criminal history category of VI, Smith's Guideline range was 151 to 188 months' imprisonment.  (*Id.* ¶ 78).

**D.      The Sentencing**

On November 2, 2021, this Court found that the PSR contained an accurately calculated offense level of 29, and a criminal history category VI.  (ECF No. 8-2 at 13). Therefore, pursuant to the plea agreement and other factors considered, this Court imposed a 90-month term of imprisonment, which was within the stipulated sentencing range of seven to eight years, and well below the advisory Guideline range.  (ECF No. 8-2 at 17).

**E.      The § 2255 Motion**

Smith presents four grounds for relief in his § 2255 motion, summarized as follows:  1) counsel provided ineffective assistance by encouraging Smith to plead guilty without first filing any motions; (2) counsel provided ineffective assistance by failing to object to a two-point

5

criminal history score for a municipal charge of harassment, in which Smith pled guilty to a fine for disorderly persons; 3) counsel was ineffective by recommending a plea with a sentence in the 8-9-year range, and failing to negotiate a lower sentence; and 4) counsel provided ineffective assistance by failing to challenge Smith's career offender status.  (Civ. ECF No. 4).

**F.**     **The Answer**

The Government contends that Smith was a career offender facing a Guidelines range of 151 to 188-months' imprisonment, whose counsel obtained a favorable plea deal of a sentence to 90 months' imprisonment.  (Civ. ECF No. 8 at 8). The Government maintains, as discussed below, that none of Smith's grounds for relief have merit, and his § 2255 motion should be denied.  (*Id.*)

**II.**     **DISCUSSION**

A prisoner in federal custody may file a motion under 28 U.S.C. § 2255 to challenge the validity of his or her conviction and sentence.  Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "'If ... a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required.'" *United States v. Haisten*, 50 F.4th 368, 372–73 (3d Cir. 2022) (quoting *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021)).  A claim is colorable if it does not "conclusively" fail under

6

either prong of the *Strickland* test.  *Id.*

A.  **Sixth Amendment Assistance of Counsel**

Smith's four grounds for relief are based on his allegations of ineffective assistance of counsel in violation of the Sixth Amendment, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  The Sixth Amendment guarantees assistance of an attorney "who plays the role necessary to ensure that the trial is fair." *Id.* at 685.  The Sixth Amendment right to counsel extends to the plea bargaining process and to sentencing.  *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012).  To obtain relief for a Sixth Amendment violation, "[f]irst, the defendant must show that counsel's performance was deficient." *Strickland,* 466 U.S. at 687.  In addressing such claims, courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." *Id.* at 687.  "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.  Reasonableness is guided by prevailing professional norms.  *Id.*

"Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687.  To demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed.'" *Palmer v. Hendricks*, 592 F.3d 386, 394 (3d Cir. 2010) (quoting *Strickland*, 466 U.S. at 697).  In challenging counsel's performance at the plea bargain stage, a petitioner establishes prejudice by showing "the

7

reasonable probability that he would not have entered his plea but for his counsel's deficiency." *Premo v. Moore*, 562 U.S. 115, 130 (2011) (citation omitted). To establish ineffective assistance of counsel at sentencing, the petitioner must establish that, but for counsel's errors, he had a reasonable probability of receiving a shorter sentence. *United States v. Smack*, 347 F.3d 533, 540 (3d Cir. 2003) (citing *Glover v. U.S.*, 531 U.S. 198, 204 (2001) (holding that any reduction in sentence constitutes substantial prejudice for purposes of the *Strickland* analysis)).

B.  **Whether counsel was ineffective by encouraging Smith to plead guilty without first filing any motions**

Smith complains that his counsel encouraged him to plead guilty to the one-count Indictment without filing any motions. (Civ. ECF No. 4 at 5). The Government opposes relief because Smith has not demonstrated a likelihood of success on any hypothetical motion, nor has he established how success on a hypothetical motion would have resulted in a reasonable probability of a different outcome in his criminal proceeding. (Civ. ECF No. 8 at 8).

It is true that Smith has not identified any pretrial motion that he believes would have been successful. Liberally construing the § 2255 motion, this Court assumes Smith expected counsel to file a suppression motion before recommending a plea bargain. "A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence." *Premo*, 562 U.S. at 129. When counsel recommends an early plea bargain,

> neither the prosecution nor the defense may know with much certainty what course the case may take. It follows that each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived. The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered.

8

*Premo*, 562 U.S. at 126.

This Court must evaluate counsel's recommendation for early acceptance of a guilty plea from counsel's perspective at the time. The following facts are derived from Smith's PSR and provide the background for the plea negotiation. On December 3, 2019, Smith had multiple outstanding arrest warrants with Hudson County and Jersey City. (PSR ¶¶ 10, 11). Having received information on Smith's residence, law enforcement conducted surveillance of the area. (*Id.* ¶¶ 11, 12). Smith was arrested for the outstanding warrants when he exited an apartment building. (*Id.* ¶ 12). Upon search of his person incident to his arrest,[3] law enforcement recovered approximately 98 vials of suspected cocaine and $115 in cash. (*Id.*) Based on Smith's prior felony drug offenses, and the manner in which the drugs were packaged and carried, it was suspected that Smith possessed suspected cocaine with intent to distribute it to customers. (*Id.* ¶ 13). Lab analysis confirmed the substance seized had a total net weight of .03 grams cocaine. (*Id.* ¶ 14).

The PSR describes Smith's lengthy criminal history, including multiple adjudications as a juvenile delinquent, beginning at age 11. Further, Smith had four prior felony controlled substance offenses that qualified him as a career offender under U.S.S.G. § 4B1.1(a). (PSR ¶¶ 36, 37, 38, 41). Based *either* on his total criminal history score of 19 (including two points for committing the instant offense while on probation for a guilty plea to harassment for punching a woman in the face on July 30, 2019) *or* his career offender status, Smith had a criminal history category of VI. (*Id.* ¶¶ 45-48).

There were no apparent legal challenges to the search and seizure. Instead, there was a strong likelihood that Smith would be convicted on the one-count Indictment, and that he would

---

[3] "[A] search incident to arrest may only include 'the arrestee's person' and the area 'within his immediate control' … mean[ing] 'the area from within which he might gain possession of a weapon or destructible evidence.'" *Arizona v. Gant*, 556 U.S. 332, 339 (2009) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)).

be sentenced as a career offender. By pleading guilty early, Smith had the opportunity to receive a three-point adjustment to his offense level for acceptance of responsibility. (PSR ¶¶ 27, 28). Therefore, counsel's recommendation for an early plea, without filing any motions, constituted reasonable performance. This ineffective assistance of counsel claim will be denied.

**C.     Whether counsel was ineffective by failing to object to a two-point enhancement for a municipal charge of harassment, in which Smith pled guilty to a fine for disorderly persons**

Smith contends that his counsel was ineffective by failing to object to the calculation of criminal history points in his PSR, where he was assigned two points[4] for a charge of harassment. Smith alleges this was error because his guilty plea to disorderly persons resulted only in a fine. (Civ. ECF No. 4 at 6). The Government opposes relief for three reasons. First, the Government submits that Smith was only assessed with one point for the harassment charge, in accordance with the relevant Guideline. (Civ. ECF No. 8 at 8, n. 5, citing PSR ¶ 44). Second, even if Smith had not been assessed any points for the harassment charge, his criminal history score was above 13, placing him in criminal history category VI. (*Id.* at 8, citing U.S.S.G. §4A1.1(C).) Third, even if counsel's failure to object constituted deficient performance, Smith cannot show prejudice because his criminal history category was VI, based solely on his career offender status. (*Id.*)

To succeed on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must establish both deficient performance and prejudice. *Strickland*, 466 U.S. at 687. If it is easier to dispose of the claim, a court may address the prejudice prong first. *Id.* at 670. Here, Smith has not established prejudice because his criminal history category was VI, based solely on his convictions for two or more prior controlled substance offenses under U.S.S.G. §4B1.1. *See*,

---

[4] The calculation of criminal history points is governed by U.S.S.G. §4A1.2

U.S.S.G. §4B1.1(a),[5] (PSR ¶¶ 36, 37, 38, 41).  Therefore, this Court will deny this ineffective assistance of counsel claim for lack of prejudice.

**D.      Whether counsel was ineffective by failing to negotiate a lower sentence**

Smith alleges that his counsel provided ineffective assistance by failing to negotiate for a lower sentence upon his guilty plea.  For relief, Petitioner seeks resentencing without the career offender enhancement.  (ECF No. 4 at 9, 14).  The Government opposes relief, arguing any objection to Smith's status as a career offender would have been futile because he had four qualifying prior felony convictions for controlled substance offenses.  (ECF No. 8 at 10).

Here, defense counsel was presented with strong evidence of Smith's guilt of possession with intent to distribute a detectable amount of cocaine, and with Smith's record of four qualifying prior controlled substance felonies, where only two prior felonies were required for career offender status, it was reasonable to seek an early plea in hopes of obtaining a sentence reduction based on acceptance of responsibility.  There is nothing in the record suggesting defense counsel could have negotiated a lower sentence.  Therefore, Smith has not established his counsel's constitutionally deficient performance in negotiating a guilty plea.  This ineffective assistance of counsel claim will be denied.

**E.      Whether counsel was ineffective by failing to challenge Smith's career offender status**

Smith asserts that his counsel was ineffective by failing to challenge his career offender

---

[5] U.S.S.G. §4B1.2(b) provides:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

11

status, but he does not suggest how his counsel might have challenged any of his four prior felony convictions for controlled substance offenses that qualified him as a career offender. (Civ. ECF No. 4 at 9). The Government opposes relief on this claim, arguing that any objection would have been futile because Smith qualified as a career offender under U.S.S.G. § 4B1.1(a). (ECF No. 8 at 9-10).

Smith has not shown, nor did he even attempt to show, that he did not have at least two prior felony convictions for controlled substance offenses within the meaning of U.S.S.G. §4B1.1(a). *See, supra* n. 4. Smith was at least 18-years old when he committed the present offense, and he committed four prior felony convictions for controlled substance offenses. (PSR ¶¶ 24, 36, 37, 38, 41). Therefore, Smith has failed to establish that he had a reasonable probability of receiving a shorter sentence. *See* §4B1.1(b) (assigning criminal history category VI to career offenders); *see also*, §4B1.2(b) (defining controlled substance offenses for career offender purposes). This Court will deny this ineffective assistance of counsel claim.

### III. CONCLUSION

For the reasons discussed above, Smith has failed to establish even a colorable Sixth Amendment ineffective assistance of counsel claim based on counsel's assistance at the plea or sentencing stage. Therefore, this Court will deny Smith's § 2255 motion without an evidentiary hearing.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Smith's Sixth Amendment ineffective assistance of counsel claims are without merit, he has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

  An appropriate order follows.

Date: __April 27__, 2023

                   _____
                   Hon. Susan D. Wigenton,
                   United States District Judge